ROMÁN DÍAZ COLLAZO ET AL., Petitioners, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1057. Argued January 25, 1936.—Decided March 30, 1936.

*F. Soto Gras* and *R. Díaz Collazo* for petitioners. *B. Fernández Garcia, Attorney General, R. Cordovés Arana, Assistant Attorney General,* and *Hernán R. Franco, Deputy Attorney General,* for defendant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The executors named in a last will and testament applied for and obtained letters testamentary as provided by section 597 of the Code of Civil Procedure (1933 ed.). Later these executors applied for a judicial administration of the estate. On applying for letters testamentary the executors paid a fee of $5 as prescribed by subdivision (I) of section 2 of an Act approved March 11, 1915. (Appendix to Code of Civil Procedure, 1933 edition, pages 293 and 295.) On applying for a judicial administrator they refused to pay another $5, upon the theory that the petition for the appointment of a judicial administrator was not an independent proceeding but merely another step in the same testamentary proceeding already commenced by taking out letters testamentary. The secretary refused to file the petition for the appointment of an administrator without the payment of another fee of $5 and the district judge refused to order the filing of the petition without such payment. The record of the proceedings in the district court is now before us on certiorari.

There is much force in the argument that the application for letters testamentary and the application for the appointment of a judicial administrator were but successive steps in a single "voluntary jurisdiction" proceeding and that for this reason petitioners should not be required to pay an additional fee of $5 for the filing of their second petition. In *Márvez* v. *District Court,* 48 P.R.R. 162, a similar question was decided adversely to the contention of petitioners herein. It is true that the facts and the question decided in the *Márvez* case were not identical with the facts and the question now before us. Nevertheless, the *ratio decidendi* of the decision in the *Márvez* case applies *a fortiori*

to the facts in the case at bar. While there is much to be said on both sides of the question we are not prepared to repudiate the doctrine of the *Márvez* case.

The writ will be annulled.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.